278 P.2d 985

**PROVO TRANSFER & STORAGE CO.,**
Plaintiff,

v.

**PUBLIC SERVICE COMMISSION of Utah,**
et al., Defendants.

No. 8168.

Supreme Court of Utah.

Jan. 21, 1955.

Pugsley, Hayes & Rampton, Salt Lake City, for plaintiff.

E. R. Callister, Atty. Gen., Peter M. Lowe, Asst. Atty. Gen., for defendants.

JONES, District Judge.

Certiorari to the Public Service Commission. The ultimate question before us is whether the report and order made by the Public Service Commission was so arbitrary and capricious as to justify the setting aside of its order. For the reasons hereafter stated, we hold that it was not.

Wallace A. Peterson, doing business as Wally's Motor Line, was and is a common carrier of commodities, by motor vehicle, between Salt Lake City and Heber City, and between Heber City and Provo. Petitioner had a certificate to operate as a common carrier, by motor vehicle, within, and between Provo and an area extending in all directions fifteen miles from the city limits of Provo, Utah. In 1953, Peterson purchased 2500 shares of stock belonging to petitioner. This stock was never issued or actually delivered, but Peterson immediately assumed the office of vice president of Provo Transfer and Storage Co., took over the exclusive handling and operation of the company's freight handling operations, and commenced "interline" operations with his "Wally's Motor Lines," so that freight which originated at Salt Lake moved in the same truck via Heber to points on U. S. Highway 91 within 15 miles of Provo. Subsequently, the Commission issued an order to show cause as to why petitioner's operating authority should not be revoked and a hearing followed.

The legislature has seen fit to vest in the Commission the power to "supervise and regulate all common motor carriers", Sec. 54–6–4, U.C.A.1953, and armed it with the power "for good cause, and after notice and hearing, [to] suspend, alter, amend or revoke any certificate * * *." Sec. 54–6–20, supra. And it is further provided, Secs. 54–4–29 and 30, supra, that one public utility shall not acquire the properties or voting stock of another utility without first securing the consent of the Commission.

Petitioner argues that Sec. 54–6–20 should be construed as a narrow grant of discretionary power to the Commission as otherwise "no security of operation could be had by any motor carrier, and each would be subject to the whim of the succeeding members of the Public Service Commission." It is further asserted that "an administrative body such as the Public Service Commission cannot be a law unto itself in all things and arbitrarily take from the carrier its certificate, as a public utility has a substantial interest in the operation and should not without due process of law be deprived of its valuable property right without just and substantial cause being shown." Complaint is made that no standards were established by the legislature as a guide to the Commission in the revocation or suspension of operating authority and it is asserted that the remedy in this case should be the initiation of the criminal proceeding contemplated by 54–6–18, U.C.A. 1953. No precedent is submitted in support of this argument.

We do not sit in these certiorari proceedings to determine whether the action taken by the Commission is exactly to our liking. Suffice it to say that it appears that the legislature has vested in this administrative tribunal plenary powers to revoke and suspend certificates of convenience, for good cause, and where it appears, as in the present case, that one motor carrier, in

violation of the statute, purchased stock in another motor carrier and then proceeded to take over and operate the freight department of the corporation bought into without the consent of the Commission, we are not prepared to hold that good cause for the revocation of the carrier's certificate has not been shown.

Petitioner complains that the order of the Commission is not supported by the evidence. But an examination of the record discloses that there was sufficient competent evidence to sustain the findings. It is charged that the order violates the Constitution of Utah and of the United States. In support of this contention reference is made to Article XII, Sec. 12, Constitution of Utah. But this relates to common carriers interchanging freight and could not have any connection with the situation we are discussing here.

Finally, petitioner points out that the order complained of was promulgated just two days after this court published its recent decision of Peterson v. Public Service Commission, 1 Utah 2d 324, 266 P.2d 497, and urges that this court should intercede because "the Commission in anger at the decision of your Court decided to punish someone and took the steps of cancelling the authority of Provo Transfer as a means of retribution." But there is not one scintilla of evidence to support this accusation.

Viewing the order of the Commission in the light of its reasonableness in sustaining the effectiveness of our statute law, as against the rights of a defaulting certificate holder, we find nothing that could be classified as arbitrary and capricious action on the part of the Commission.

The report and order of the Commission in its Case No. 3945 and dated February 1, 1954, accordingly is affirmed.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

HENRIOD, J., having disqualified himself, did not participate herein.